(Licking County, O., Common Pleas.) January 1, 1898.

### IN RE AMERCEMENT OF ALBERT B. WORSTALL, Sheriff.

---

(1). The court has power to allow amendments to the return of process by the sheriff where it does not interfere with the rights of other persons which have been fixed by proceedings between the first return and the leave to amend.

(2). Where the sheriff, after levy, receives a check in payment of the judgment, and thereupon returns the execution as satisfied "money made", but after such return is made the check is not paid by the bank on account of want of funds of the drawer, the sheriff will be allowed to amend his return so as to state that the money was not made. And where in the meantime another judgment creditor has secured a levy on the same property, his lien under such levy will not have precedence as against the lien of the first judgment creditor.

(3). The lien under the levy subsists unless the judgment is satisfied by payment. The return of the sheriff is evidence of payment, but it is not payment itself, and unless the money was made, and it was paid, there is no satisfaction of the lien at all.

(4). The sheriff has the right in this day and generation to take checks, and if he should be forced after taking the check, by expiration of time, to make his return before he can ascertain whether the check is good,, he will be allowed to amend his return.

(5). Proceedings for the amercement of the sheriff are strictissimi juris, and he is only amerceable in cases which come within the letter and spirit of the statute.

### JONES, J.

In the case of J. F. Seward v. Thomas H. Legg, on February 12, 1897, judgment was rendered in this court for $430.52, and $2.85 costs, interest at eight per cent. On the same day execution was issued and delivered to the sheriff of Muskingum county. On February 13, 1897, the sheriff of Muskingum county levied on the land described, setting forth that there was a want of goods and chattels whereon to levy. On April 10, 1897, and the 57th day of the writ, T. H. Legg gave to the sheriff in Zanesville a check for $450.92, the amount of judgment and costs, and on April 12, or the 59th day of the writ, the sheriff returned to the clerk of the court, in addition to the levy on the real estate, the following: "Further proceedings stayed, and this writ is returned, with money made in full." On April 17, the check was protested by the Franklin bank of Newark, this county, for non-payment, on account of no funds. Soon after that the deputy sheriff called on Charles W. Seward, attorney for the plaintiff, in relation to the non-payment, wanting, perhaps, further time. C. W. Seward, as attorney for the plaintiff in that case, demanded the money from the sheriff, June 16, 1897, which was not paid, and he made a written demand, December 7, 1897; and, the money not being paid, brought this proceeding to amerce. The Franklin bank recovered a judgment in this court and made a levy on this same land, through the same sheriff, on April 23, 1897.

The sheriff now asks leave to amend his return, and set up that he did not get the money, but got this check, and that the check was not paid, and that there were no funds in the bank at any time to pay the check.

Now, upon the question as to the power of the court to allow amendments, I need not say very much, because it is the law, and held in this state and everywhere, that the court has power to allow amendments to the return of service of process where it does not interfere with the rights of other persons which have been fixed by proceedings between the first return and the leave to amend.

In the case of Langdon v. Summer's Adm'r, 10 Ohio St.,78, an amendment was allowed where the sheriff returned the money made, and he was allowed to amend by stating that the money was not made, but that the goods were sold on credit by the direction of the plaintiff in the action in which execution was issued. Now that settles this: That the sheriff can amend his return so as to say just the contrary from what he said in the return. That is, he said in that case in the original return that he received the money, and he was permitted to amend and say that he did not receive the money, but that the goods were sold on credit. That is this case simply upon the question of the power of the court to allow the sheriff to amend. He said in this return that he did receive the money. He now wants to say that he did not receive the money, but received a check which was never paid, and that there were no funds for payment. Of course, he received this check in Zanesville. In the case of Langdon v. Summer's Adm'r, supra, although it involves the direction of the plaintiff in the action in which the execution was issued to sell on credit, yet it is said that that makes a defense to the proceeding in amercement, and it allows that thing to be done which is objected to now. That is to say, he cannot now say he did, and amend his return and say he did not. But that is just exactly what was done in that case. So, as far as the right to amend, simply upon that question, the court has the power, and unless there is something that would estop the sheriff from making that amendment now, the court would allow it.

Now it is said, as matter of estoppel, that the Franklin bank levied upon this property, April 23, 1897, and when this return of the sheriff showed that the judgment of Seward was satisfied. Therefore, that the lien of the Franklin bank became fixed when there was no lien on the part of Seward. this judgment having been satisfied, and that that is an intervening lien that the amendment now cannot interfere with, and, therefore, Seward loses his lien upon this land by this levy, or that it becomes subsequent to the lien of the Franklin bank, and that the property will not pay anything on the Seward lien. That would be so, the court thinks, so far as the value of the property is concerned; that it would not pay the mortgage that is upon it and the lien of the Franklin bank, and pay anything on the Seward judgment. On that question the court does not think that the lien of the Franklin bank is fixed so as to be superior to the lien of Seward if this amendment is made.

Now it is held that the lien of a judgment does not place the owner of the judgment in the position of an innocent purchaser at all. Of course, if it becomes a matter of legal title merely, and the question is as to legal liens between parties having the lien, they must stand upon their legal rights. But here is a levy made on the part of Seward upon this land. It is returned as made. The lien

subsists unless that judgment is satisfied, unless it was paid. Of course, the return of the sheriff is evidence of payment, but it is not payment itself, and unless the money was made, and it was paid, it is no satisfaction of the lien at all.

That being the case, and this lien of the Franklin bank subsequent, the other not having been paid, still stands, because the Franklin bank has parted with nothing; it is in no worse position than it was before; and, in the opinion of the court, notwithstanding the Hovey case, it does not take precedence of the lien of Seward. In the case of Barry v. Hovey, 30 Ohio St., 344, a mortgage was given to Barry for money loaned, but there was only one witness to the mortgage. The mortgage was recorded. Finding out that there was only one witness to the mortgage, Barry brought suit to correct the mortgage, and a summons was served by a party not the sheriff, and there was no authority indorsed on the writ for the service to be made by that party. He was not the sheriff, and the statute requires when a person other than the sheriff or deputy sheriff serves the writ, authority to serve it must be endorsed upon the writ. Two days after that, a mortgage was executed by the mortgagor to another party, to another Barry, and that was recorded. The court holds that because there was no authority to serve that writ endorsed upon the writ by the sheriff, although the party who served it was verbally authorized to do it, it was not lis pendens, and a mortgagee of the mortgage made two days afterwards was not bound to take notice of that suit; and the other mortgage not being a good mortgage, not being a valid mortgage, that the second mortgage, notwithstanding the suit, was superior. The judgment was rendered in that case brought to correct the mortgage, but it did not take precedence of the second mortgage, which was a bona fide mortgage. So that that does not decide anything as to this levy at all, and that case depended upon the mortgage being bona fide. If that mortgage was given merely to secure an old debt, the court does not see how the supreme court have decided that way.

These proceedings to amerce the sheriff are, as it is termed, strictissimi juris, and are founded upon sec. 5594, Rev. Stat.; and, as it is said in several Ohio cases, the sheriff is amerceable only in cases which come within the spirit as well as the letter of the statute. Duncan v. Drakely, 10 Ohio, 45; Webb v. Anspach, Bro. & Co., 3 Ohio St., 522; Moore v. McClief, 16 Ohio St., 51.

He is not amerceable for proceeds of goods sold under agreement of parties in a non-judicial way. Webb v. Anspach, Bro. & Co., supra. That was a case where he received the money a day after the return day of the writ had expired, although he had not returned it. The court say he cannot be amerced for that money; he merely received it for the use of the other party, and not as sheriff at all.

Nor for the price of goods sold on credit by agreement of the parties. That is the case of Langdon v. Summer's Adm'r, supra, where he was allowed to amend his return so as to say that he did not get the money, but sold on credit.

Section 5594, Rev. Stat., is as follows: "If an execution or order of sale, directed to an officer, come to his hand to be executed, and he neglect or refuse to execute it; or if he neglect or refuse to sell property of any kind, which, by any writ or order, he is directed to sell; or fail to call an inquest, or to return to the clerk's office a copy of the certificate of appraisement made by the inquest; or neglect to return to the proper court an execution or order of sale to him directed, on or before the return day thereof, or neglect to return a correct inventory of personal property taken on execution, unless he return that the amount of the judgment, including costs, has been paid to him; or neglect, on demand, to pay to the person entitled thereto any money by him collected or received for the use of such person."

Now these proceedings are "in strict law" as it is said. The only ground of this amercement is that he collected or received this money. He did not collect or receive this money. It is said that he took the check as payment. The court does not think so. He got this check Saturday. There is some evidence that he was to hold the check for four or five days. But even then, the court does not think he received this check as payment. He got it Saturday. He made this return, which he was bound to do within sixty days, on Monday, which was before he could know whether the check ever would be paid or not. The sheriff has the right in this day and generation to take checks. It is the usual mode of doing it; and if he should be forced, after taking a check, to make his return before he knew whether the check would be paid or not, it would be the harshest kind of a proceeding to make him stand by that check when it was not paid, and not allow him to amend his return. It was to the interest of the plaintiff for him to take the check. If it was paid, it was the best thing that could happen to the plaintiff. And suppose he refused to do it, and this property was sold and did not pay the plaintiff's claim, would he not have cause for criticism on the action of the sheriff? And he would not fail to criticise him, whether he would have a legal action or not, if he failed to take the check. But, in the common mode of proceeding, it is justifiable in the sheriff to take the check.

This check was not paid, and the court does not think he took it as payment, and, therefore, it was not payment, and he did not receive the money under the

strict letter of this statute. He did not return the money paid, which would be a satisfaction of the writ, and would release, or render nugatory, that levy if it was paid. But it is just like the case of a mortgage. A mortgage is given, and a satisfaction of the mortgage is entered wrongfully upon the mortgage record, when the mortgage is not paid, and without the authority of the mortgagee. Now, if anybody takes a bona fide title to that property and pays a valuable consideration for that property while the satisfaction of the mortgage is upon the record, then that party gets a good title. But if he takes a mortgage to secure an old debt, without any new consideration, it does not stand in that light; and a cancellation of the satisfaction upon the record afterwards sustains the first mortgage. And the supreme court of Ohio have decided (I do not now recollect the report), where property was sold under a contract, and a part of the purchase money paid, and a levy made afterward, before the title was conveyed or recorded, that the levy does not take precedence over the sale, but that the levy would only take the amount of the purchase money still unpaid. So that a levy, simply, does not stand in the way of this amendment or the rights of the parties.

The motion to amerce may be overruled; the sheriff is allowed to amend, and discharged from this proceeding. The costs may be adjudged against the sheriff.

Hon. Chas. W. Seward and Kibler & Kibler, for the motion.

Durban & McDermott, against the motion.